PERMANENT INJUNCTION ORDER ENJOINING DORA S. YOUNG

PHILIP D. LUJAN, Chief Judge.
This matter came on for a permanent injunction trial on March 17, 2003. Dora S.Young appeared in person and was represented by her attorney G. Gordon Allen, Esq. The Sac and Fox Nation (the “Nation”) was represented by D. Michael McBride III, General Counsel / Tribal Attorney. The Court granted the Nation’s request to take judicial notice of the previous evidence submitted at the October 28, 2002 hearing, including the testimony of Truman Carter, the Treasurer of the Nation, and Dora S. Young and related exhibits. Additionally, the Court heard testimony from George Thurman, the Secretary of the Nation, at the March 14, 2003 hearing.
After hearing on the permanent injunction, the Court makes the following findings and enters the following Order:
THE COURT FINDS AS FOLLOWS:
1. On the 1st day of July, 2002, this Court entered a Temporary Restraining Order restraining and enjoining Defendant Dora S. Young from representing herself as being the “Legal” Principal Chief of the Sac and Fox Nation.
2. The Court held a show cause hearing to determine whether the Temporary Restraining Order should remain in effect as a Preliminary Injunction until the hearing as to whether a Permanent Injunction should issue. The Court found that good cause existed to convert the Temporary Restraining Order to a Preliminary Injunction on October 28, 2002.
3. The Permanent Injunction trial was continued twice because of illness of the Defendant. The Defendant *710 agreed to continue the Preliminary Injunction in effect until the Permanent Injunction trial on March 17, 2003.
4. There is no reason to believe that the Defendant has not complied with the terms of the Temporary Restraining Order and the Preliminary Injunction during the course of these proceedings.
5. The Court previously determined that Defendant has no basis, legal or otherwise, to represent that she is the Principal Chief of the Sac and Fox Nation. Further, the Order of Chief Justice Lenora of the Sac and Fox Nation Supreme Court in the consolidated matter, Dora S. Young and Mary McCormick v. Tribal Grievance Committee, et. al., Case No. 97-02, dated February 28, 2000 determined in an Order denying Writ of Assistance that the case was moot presumably because Defendant’s term of office ended in 1999.
6. The Court finds nevertheless that the Defendant has represented that she is the Principal Chief of the Sac and Fox Nation to representatives of the United States government and to private individuals, entities and tribal members.
7. The Court further finds that the Defendant’s representations resulted in at least one actual disruption of tribal business, and that there is a potential for future disruptions if the injunction does not continue on a permanent basis.
8. The Court further finds that, unless injunctive relief remains in effect, Plaintiff will suffer irreparable injury.
9. The Court further finds that Plaintiff has no adequate remedy at law and that Plaintiff has prevailed at a full hearing regarding the Permanent Injunction.

LEGAL ANALYSIS

The Sac and Fox Nation is autonomous and possessed with inherent powers of self-government. This Court has exclusive jurisdiction to decide matters of tribal law and to decide internal tribal governmental disputes. Other sovereigns give deference to this exclusive jurisdiction. See, e.g., Talton v. Mayes, 163 U.S. 376, 385, 16 S.Ct. 986, 41 L.Ed. 196 (1896) (construction of tribal law is “solely a matter within the jurisdiction of the tribal courts” and tribal courts’ interpretations are binding on federal courts).
Injunctions are authorized pursuant to Title 6, § 816, the Sac and Fox Nation Code of Laws; pursuant to § 825, injunctions are tried to this Court; and pursuant to § 822; injunctions are equitable in nature and are issued or refused in the sound discretion of the Court. The Court will deny an injunction where the moving party may be adequately compensated for his injuries in money damages. Id. See, Learned v. Election Board, 2 Okla. Trib. 445, 470-77, 1992 WL 752129 (Cheyenne-Arapaho 1992) (detailing application of similar tribal injunction statute). This is not one of those cases.
Ms. Young’s representations to various people and entities jeopardizes the administration of sound government and hurts the Nation’s reputation not only with other governments including the United States, the State of Oklahoma, county and municipal governments but also with private entities, such as banks, mutual fund companies, business partners and other entities that trade with the Nation.
Indian tribes in this modern age are pioneering their role and relationships as sovereigns with other outside entities, *711 particularly in business relationships. This is a crucial time and many of these business entities are often mistrustful of tribes and suspicious of their political stability. Incidents such as presented by this case heighten and exacerbate external persons’ or entities’ mistrust if more than one person claims to be the Nation’s legitimate leader or “Legal Principal Chief.” Actions such as those taken by Ms. Young create a more difficult environment for the Nation to conduct governmental affairs, and maintain positive government and business relationships with others. The Court therefore makes its previous Temporary Order permanent and finds that the Plaintiff has met its burden of proof even at a higher level.
The Court notes that Ms. Young filed an “Amendment to Motion to Dismiss Temporary/Permanent Restraining Order” dated March 17, 2003 on the day of trial. The Court agrees with the Nation that no new relevant evidence was presented, and therefore has no further bearing on this matter. The Amendment and underlying Motion are denied.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Dora S. Young is restrained and enjoined from representing orally, in wilting, electronically or by other means and from relaying information that she is the “Legal Principal Chief’ of the Sac and Fox Nation or that currently she otherwise holds any position of authority with the Sac and Fox Nation. This Order shall remain permanent unless modified pursuant to Title 6, § 824 of the Sac and Fox Nation Code of Laws or should the Defendant run for an elected leadership position with the Nation and prevail in that election.